IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN McCALL, | : |
| Petitioner | : CIVIL ACTION NO. 3:CV-14-2040 |
| v. | : (Judge Nealon) |
| WARDEN C. MAIORANA, | : |
| Respondent | : |

FILED
SCRANTON
NOV 0 5 2014
PER _____
DEPUTY CLERK

## **MEMORANDUM**

Petitioner Stephen McCall, an inmate currently confined in the United States Penitentiary at Canaan, Waymart, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed.

**I.    Background[1]**

On March 20, 2009, Petitioner entered a plea of guilty to one count of convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See

---

[1] This background is based on the § 2241 petition and exhibits attached thereto and information relevant to Petitioner's federal conviction obtained by accessing the Public Access to Court Electronic Documents (PACER) Case Locator located at http://www.pacer.gov.

<u>United States v. McCall</u>, Criminal Action No. 2:08-cr-0626-TJS-1 (USDC E.D. Pa. (Philadelphia)). On June 23, 2009, he was sentenced by the United States District Court for the Eastern District of Pennsylvania to a term of 180 months of imprisonment.[2] <u>Id</u>. The conviction and sentence was affirmed on direct appeal. <u>See</u> <u>United States v. McCall</u>, 448 F. App'x 221 (3d Cir. 2011).

On June 5, 2012, Petitioner filed a <u>pro se</u> motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On September 19, 2012, the § 2255 motion was denied by the Eastern District Court. On January 21, 2013, an appeal from this denial was filed with the Third Circuit Court of Appeals.[3] On June 5, 2013, the Court of Appeals dismissed the appeal for lack of appellate jurisdiction because the notice of appeal was untimely filed by Petitioner. <u>See</u> <u>United States v. McCall</u>, No. 13-1271 (3d Cir. June 5, 2013.)

On June 18, 2014, Petitioner filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from the District Court's denial of his § 2255

---

[2] Petitioner was sentenced under the Armed Career Criminal Act (ACCA) pursuant to 18 U.S.C.A. § 924(e).

[3] As reflected in the docket sheet of Petitioner's underlying criminal action, he filed a motion seeking reconsideration of the denial of the § 2255 motion with the sentencing court on May 5, 2013. The motion for reconsideration was subsequently denied on August 20, 2013, and no probable cause was found to issue a certificate of appealability.

2

motion. On August 19, 2014, the District Court transferred Petitioner's motion to the Third Circuit Court of Appeals to be treated as an application under 28 U.S.C. §§ 2255 & 2244 to file a second or successive motion to vacate. See United States v. McCall, Criminal Action No. 2:08-cr-0626-TJS-1 (USDC E.D. Pa. (Philadelphia)). On October 2, 2014, the Court of Appeals denied Petitioner's application to file a second or successive motion pursuant to § 2255, finding:

> [McCall] has not made a prima facie showing that his claims rely on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense," or a new rule of constitutional law. 28 U.S.C. § 2255(h). In particular, McCall concedes that the evidence he presents was available at the time of his sentencing. Further, assuming for the sake of argument that innocence of a sentencing characteristic would meet the requirements of § 2255(h), the documents McCall presents do not contain any information that would lead to an inference that he was ineligible for sentencing under the Armed Career Criminal Act.

See In re Stephen McCall, No. 14-3676 (3d Cir. Oct. 2, 2014).

On October 23, 2014, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, he claims that two of his prior convictions are not qualifying ACCA predicates, and therefore the District Court was without jurisdiction to impose the § 924(e) enhancement to this sentence. He claims that the government misrepresented facts to the sentencing court in stating that the plea colloquy from his prior conviction was not available, and failed to meet its

burden of proof to enhance his sentence under § 924(c). Petitioner maintains that the plea colloquy has always been available, and that it supports his position that two of his prior convictions are not qualifying ACCA predicates. He further argues that his defense counsel was ineffective in failing to perform basic research and obtain a copy of the plea colloquy from his prior conviction.

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his sentence. Thus, his proper avenue of relief is a section 2255 motion

filed in the district court where he was convicted and sentenced. See § 2255 ¶5 (stating that the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."). The petitioner has the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Reguena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping

requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Petitioner has already filed a motion pursuant to § 2255 in the United States District Court for the Eastern District of Pennsylvania, thus evidencing that the remedy is not unavailable to him. Additionally, he has filed a request in the Third Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion, and his request has been denied. The United States Court of Appeals for the Third Circuit has made it clear that Petitioner does not meet the stringent gatekeeping requirements set forth in 28 U.S.C. § 2255(h), and the mere inability to do so does not permit him to proceed under section 2241 in order to avoid those requirements. Okereke, 307 F.3d at 120-21; In re Dorsainvil, 119 F.3d at 251.

Petitioner does not demonstrate that his claims fall within the limited exception outlined in Dorsainvil such that he would be entitled to pursue relief under § 2241 rather than under § 2255. Most significantly, Petitioner does not claim that a change in the law has occurred that makes the conduct for which he was convicted no longer criminal. Rather, he sets forth challenges to his sentence that could have been raised in the § 2255 motion he filed with the Eastern District Court. In fact, Petitioner

admits that his arguments are not based on any new evidence or case law, but on evidence "newly available" to him.[4] However, he further acknowledges that such evidence, the guilty plea colloquy from one of his underlying predicate state offenses, was existing and available to the prosecutor and his own defense attorney at the time of his sentencing, and "has always been available." (Doc. 1, Pet. at 9.)

Based on the foregoing, the arguments Petitioner attempts to set forth in the instant petition could clearly have been raised in his § 2255. The fact that Petitioner may just now be realizing arguments he could have pursued in his § 2255 motion does not make said remedy inadequate or unavailable to him so as to allow him to pursue habeas relief at this time. Additionally, to the extent any of these arguments were raised in his § 2255 motion, merely because he was unsuccessful does not allow him to pursue those arguments by way of a Section 2241 habeas petition.

Moreover, a district court has no § jurisdiction to reexamine or second guess the decision of the federal sentencing court. Rhines v. Holt, 434 F. App'x 67, 69 (3d Cir. 2011) (affirming dismissal of a Section 2241 petition for lack of jurisdiction

---

[4] While Petitioner does not specifically rely on any Supreme Court case in support of his arguments, the case of Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), is referenced in one of the exhibits attached to his petition. (Doc. 1, App. E.) Even assuming the Shepard case had any relevance to the pending issues, it was decided in 2005 and available to Petitioner at the time he filed his § 2255 motion with the sentencing court.

when the petitioner argued he was "actually innocent" of sentencing enhancement applied to him); United States v. McKeithan, 437 F. App'x 148 (3d Cir. 2011) (same); Delgado v. Zickefoose, 430 F. App'x 86 (3d Cir. 2011) (same); Edmonds v. United States, 427 F. App'x 79 (3d Cir. 2011).

Further, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538-39. In Dorsainvil, the Third Circuit Court of Appeals held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120.

Here, Petitioner does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, he contends that his sentence was improperly enhanced because two (2) of his prior convictions are not qualifying ACCA predicates. As such, the limited Dorsainvil exception is inapplicable and Section 2241 relief is not available. Consequently, Petitioner has failed to show that Section

2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction. A separate Order will be issued.

Dated: November 5, 2014

                                                      **United States District Judge**